| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 1:08-CR-163 (1) |
| | § | |
| ENITAN OSAGIE ISIWELE | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Enitan Osagie Isiwele's ("Isiwele") Letter to the Court Regarding the Conduct of His Attorney (#162) in which he requests a *Garcia* hearing. On December 3, 2008, the grand jury returned an indictment against Isiwele charging him with 41 counts of healthcare fraud. Isiwele retained Charles Medlin ("Medlin") to represent him in the proceedings, and James Reed ("Reed") appeared to represent Isiwele at trial. A unanimous jury found Isiwele guilty of the counts remaining in the indictment on March 19, 2009.[1] On March 20, 2009, the jury found that $201,397.34 in United States currency constituted or was derived from proceeds traceable to the healthcare violations of which Isiwele was found guilty. Thereafter, on September 1, 2009, Magistrate Judge Keith F. Giblin determined that Isiwele could no longer afford retained counsel and that he qualified for a court-appointed attorney to represent him in the balance of the pending criminal proceeding. Accordingly, Judge Giblin appointed David E. Grove ("Grove") to represent Isiwele.

In the letter before the court, Isiwele requests a *Garcia* hearing on the grounds that Grove has a conflict of interest in the instant case. Specifically, Isiwele alleges that Grove has violated

---

[1] On March 16, 2009, the government dismissed Counts 1, 6, 7, 9, 13-16, 18, 20, 22, 24-26, 29, 31, and 33-39 of the Indictment. The jury returned a guilty verdict as to Counts 2-5, 8, 10-12, 17, 19, 21, 23, 27-28, 30, 32, and 40 of the Indictment.

his Sixth Amendment right to effective assistance of counsel because he has not disclosed to the court his association with Isiwele's previously retained attorneys, Reed and Medlin. Isiwele's reasoning is misguided.

"*Garcia* hearings provide a means for a court to vindicate a defendant's constitutional right to counsel." *United States v. Brown*, 553 F.3d 768, 799 (5th Cir. 2008); *United States v. Garcia*, 517 F.2d 272, 275 (5th Cir. 1975), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259, 263 & n.2 (1984). Because the Sixth Amendment guarantees the right to representation that is free from any conflict of interest, "'if a defendant chooses to proceed with representation by counsel who has a conflict of interest, a district court must conduct what is commonly known as a "*Garcia* hearing" to ensure a valid waiver by the defendant of his Sixth Amendment right.'" *Brown*, 553 F.3d at 799 (quoting *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006)). During such hearing, the district court must "ensure that the defendant: (1) is aware that a conflict of interest exists; (2) realizes the potential hazards to his defense by continuing with such counsel under the onus of a conflict; and (3) is aware of his right to obtain other counsel." *United States v. Greig*, 967 F.2d 1018, 1022 (5th Cir. 1992).

A district court, however, must conduct a *Garcia* hearing only if there is an actual conflict of interest. *Garcia-Jasso*, 472 F.3d at 243. "A conflict will exist only 'when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client.'" *Id.* (quoting *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000)). Moreover, if the court declines to hold a hearing, the defendant must demonstrate an actual conflict, not merely a

2

speculative or potential conflict, to merit relief. *United States v. Infante*, 404 F.3d 376, 391 (5th Cir. 2005); *see Brown*, 553 F.3d at 799.

Here, Isiwele makes no showing of a potential conflict, much less an actual conflict of interest. Isiwele incorrectly asserts that a *Garcia* hearing is warranted based on the possibility that Grove communicated with Medlin at some point during Grove's lengthy career as a criminal defense attorney. Although Grove maintains that he has never met Medlin and met with Reed on only one occasion, Isiwele contends that "his denial is suspect and the degree of his true conflict of interest would be virtually impossible to measure, only Mr. Grove can know the actually extend [sic] of his conflict and loyalty to the third party, i.e., Mr. Medlin." Isiwele argues that, by failing to reveal his "association" with Medlin, Grove has "misled the court and this defendant."

As evidence of the alleged interaction, Isiwele points to *United States v. Lopez*, Case No. 1:08-CR-94 (E.D. Tex.), a case that is completely unrelated to the case at bar, in which both Grove and Medlin appeared as counsel. In *Lopez*, however, it is clear that Grove and Medlin did not serve as co-counsel. Rather, Grove was initially appointed and represented the defendant until Jimmy Hamm substituted as counsel and filed a motion for continuance on July 24, 2008. Medlin did not appear in the case until August 26, 2008, when he filed a motion to substitute counsel. There is no evidence that Grove and Medlin had any contact whatsoever. Even assuming that the attorneys collaborated on the *Lopez* case or did so at some point during their careers on another unrelated matter, that is not enough to establish a conflict of interest with regard to the representation of Isiwele or to warrant a *Garcia* hearing. Accordingly, Isiwele's request for a *Garcia* hearing is DENIED.

SIGNED at Beaumont, Texas, this 24th day of March, 2010.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE